MEMORANDUM: The Hon. ALPHEUS FELCH, late Associate Justice of the Supreme Court, and Judge of the Second Circuit, on his election to the office of Governor of the State, in the fall of 1845, resigned his seat upon the Bench, and the Hon. WARNER WING was thereupon appointed to fill the vacancy occasioned by his resignation.

## HURLBUT v. BRITAIN & WHEELER.

Where the complainant takes issue upon the defendant's plea, and on the hearing the plea is not found to be true, he will be entitled only to the same decree as if the bill had been taken as confessed. If the allegations in the bill do not entitle him to any relief whatever, the bill will be dismissed.

And this even on hearing in this court, on appeal from a decree of the chancellor dismissing the bill on the ground that the plea was sustained by the proof.

The general banking law, (S. L. 1837, p. 76,) being unconstitutional and void, in so far as it purports to confer corporate powers, (*Green* v. *Graves*, 1 Dougl. Mich. R. 351.) no foreclosure can be maintained upon a mortgage executed to a bank organized under its provisions.

In a bill to foreclose a mortgage executed to the Detroit City Bank, June 20, 1839, it was alleged that the bank was a body politic and corporate, in &c.; that

in March, 1839, the bank commissioners of the state filed a bill in chancery against the bank, charging insolvency and a violation of the law under which it was organized, whereupon receivers were appointed to take charge of the effects of the bank, &c., and that said receivers assigned the mortgage to the complainant. *Held*, that, upon these allegations, and the laws of this state of which the court were bound to take judicial notice, the court would assume that the bank was organized under the provisions of the general banking law.

APPEAL from Chancery. (See Walk. Ch. R. 454.) The bill was filed to foreclose a mortgage executed by the defendant, Britain, to the Detroit City Bank, June 20, 1839, and by Julius Eldred and others, receivers of the bank, appointed by the court of chancery, assigned to the complainant.

Britain plead in bar that the mortgage was delivered to one Cullen Brown as an *escrow* and was never, in fact, delivered to the mortgagee by his authority. The complainant filed a replication taking issue upon this plea.

Wheeler answered setting up title to the mortgaged premises in himself, by purchase on a sale of the same for taxes; and the complainant also filed a replication taking issue upon this answer.

Proofs were taken upon each issue; and the cause having been heard by the Chancellor upon the pleadings and proofs, the bill was dismissed with costs. From this decree of the Chancellor the complainant appealed to this court.

*A. D. Fraser & A. Davidson* for the appellant.

*S. Barstow*, for the defendants.

GOODWIN, J. delivered the opinion of the Court.

The cause has been argued in this court on the part of the respective defendants, upon the plea and answer, and also a point is taken and insisted upon by each, that even if the the plea and answer are respectively unsustained by proof, and therefore, not sufficient to bar the complainant's

bill, yet the bill itself is insufficient to authorise any relief, and does not present a case upon which a decree for the complainant could be founded.

Upon the part of the complainant it is insisted that the plea of Britain is not sustained by the proofs, and that the answer of Wheeler, with the proofs in support of it, presents no sufficient bar to relief as against him ; and the complainant further insists, that the matters alleged in the bill are sufficient to entitle him to relief, and that, at all events, it is now incompetent for the defendants to make any questions in regard to their sufficiency.

It becomes then material to consider, in the first place, whether it is now competent for the defendants to avail themselves of the alleged objection to the case made by the bill. It is laid down, that when a plea is interposed, and the complainant replies to and takes issue upon it, the truth of the plea is the only subject of question, *so far as the plea extends* ; and its sufficiency is admitted : that the defendant must prove the facts alleged in it ; and that if he fails in this, so that, at the hearing of the cause, the plea is held no bar, and it extends to the discovery sought by the bill, the plaintiff is not to lose the benefit of the discovery sought, but the court will order the defendant to be examined on interrogatories to supply the defect. Mitf. Pl. 302, and cases there cited; Bea. Eq. Pl. 325 ; 2 Ves. Sen. 247; 6 Madd. R. 63.

It follows then that the complainant is, in such case, entitled to relief according to the case made by the bill ; and if a discovery is necessary to give him the full benefit of the relief sought, that may be obtained upon interrogatories. But if the bill contains no case upon which he would be entitled to any relief whatever, how can the court afford him any ? Suppose the bill is taken as confessed: if the complainant has made no case in his bill which would entitle him to any remedy whatever, can he

obtain a decree? Certainly not. And how can he be in a better situation upon a plea being found false, and consequently the whole bill taken as true. In *Dows* v. *Mc Michael*, 2 Paige 345, the Chancellor of New York states the doctrine very clearly and concisely, and confirms this view. Where the complainant takes issue on the plea, he remarks, if at the hearing the plea is found to be true, the bill must be dismissed; but if the plea is untrue, the complainant will be entitled to a decree against the defendant *in the same manner as if the several matters charged in the bill had been confessed or admitted*; and he then goes on to state, that the complainant may still obtain a discovery, if requisite to the relief sought. This rule is certainly based upon good sense, and appears to be supported by authority. So also, where an answer is put in, the defendant is still at liberty to urge that the complainant has made no case by his bill. He will not be permitted to urge any objection of form merely; nor generally that the case is not a proper subject for the jurisdiction of a court of equity, but only of a remedy of law. Such objections must, in general, be made by demurrer, at an earlier stage of the cause, and come too late upon the hearing upon an issue, either upon plea or answer. But further, this cause is before us upon an appeal from the decree of the chancellor dismissing the bill generally. The order is general. Suppose the decree had been in favor of the complainant. Could not the defendants have appealed and assigned for error that there was no case in the bill? Most certainly they could, for the statute (R. S. 1838 p. 378, §125) declares, that upon an appeal, this Court shall examine all errors that may be assigned or found in the order or decree appealed from. If then, they could have done so, on the other hand can they not where the bill is dismissed on the alleged ground that the plea is proved, insist that it was rightly dismissed for want of any case

being presented by it which would warrant the court in making any decree whatever in behalf of the complainant? Most assuredly they can. In this case it does not appear from the decree upon what ground the bill was dismissed.

If I am right in the views above expressed, then the case of *Green* v. *Graves*, 1 Dougl. Mich. R. 351, is decisive of this case. It was in that case held that the general banking law was unconstitutional, and that a receiver appointed by the court of chancery, of the effects of one of the banks organized under its provisions, could not maintain an action on a note executed to the bank.

It is alleged in the bill in this case, that the bond and mortgage which are the foundation of the suit, were, Jan. 20, 1839, executed to the Detroit City Bank, a body corporate and politic, in the city of Detroit, in the state of Michigan; that, in March, 1839, the bank commissioners of the state filed a bill of complaint in the court of chancery, against the said Detroit City Bank, charging the insolvency of said bank, and a violation of the law under which the same was organized, and praying an injunction, and a receiver to take charge of its property and effects; that by an order of that court in December of the same year, Julius Eldred and others were named and duly appointed receivers, and authorised to take charge of its property and effects, and do all other necessary things appertaining to their office as such receivers, pursuant to the laws in such case provided. The bill then sets out an assignment of the bond and mortgage, by the receivers, to the complainant.

What law was it under which the bank was organised, the provisions of which were thus charged to have been violated by the bank in the bill filed by the bank commissioners? It could have been no other than the general banking law. By our statute, acts of incorporation

are public acts; this Court must ex-officio take notice of them; and there is no special act of the Legislature incorporating the Detroit City Bank. It was only under the general banking law that it could have been organized and have claimed corporate powers, and that the bank commissioners could have, in their bill, charged the violations of law upon which the receivers were appointed. This is so palpable upon the bill that it is impossible for us to shut our eyes to it, without also closing them to the public statutes in the statute book.

Upon the plea itself, and proofs relating to it, it might be doubtful whether the bill should have been dismissed. The facts proved did not show a performance of the condition upon which the bond and mortgage appeared to have been delivered. But upon the cross-examination of the main witness by the defendant's counsel, testimony was given tending pretty strongly to show an assent to the delivery, after a full knowledge of the facts which were insisted on by the complainants as a compliance with the conditions.

Upon the ground before considered, however, the decree must be affirmed.

*Decree affirmed.*